Clement Cheng (CA Bar #198359)
law@clemcheng.com
**NEWHOPE LAW, PC**
4522 Katella Ave, Suite 200
Los Alamitos, CA 90720
714.825.0555

Kent E. Baldauf, Jr. (admitted *PHV*)
kbaldaufjr@webblaw.com
Bryan P. Clark (admitted *PHV*)
bclark@webblaw.com
Daniel H. Brean (admitted *PHV*)
dbrean@webblaw.com
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne, Blvd., Suite 1200
One Gateway Center
Pittsburgh, PA 15222
412.471.8815
*Attorneys for Plaintiff, Sportspower Ltd.*

David J. Pitman (CA Bar # 172944)
dpitman@fulpat.com
Gary M. Anderson (CA Bar #97385)
ganderson@fulpat.com
**FULWIDER PATTON LLP**
Howard Hughes Center
6100 Center Drive, Suite 1200
Los Angeles, California 90045
310.824.5555

Scott R. Brown (CA Bar #151635)
srb@hoveywilliams.com
Matthew B. Walters (*pro hac vice*)
mwalters@hoveywilliams.com
Todd A. Gangel (*pro hac vice*)
tgangel@hoveywilliams.com
**HOVEY WILLIAMS LLP**
84 Corporate Woods
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
913.647.9050
*Attorneys for Crowntec Fitness Mfg. Ltd.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPORTSPOWER LTD., a Hong Kong Limited company, | ) Civil Action ) ) |
| Plaintiff, | ) No. 8:17-cv-02032-JLS-KES ) ) **[PROPOSED] VERDICT FORM** |
| vs. | ) ) |
| CROWNTEC FITNESS MFG. LTD., a China Limited Company | ) ) ) |
| Defendants. | ) ) |

1    Sportspower Ltd. ("Sportspower") and Crowntec Fitness Mfg. Ltd.

2    ("Crowtec") hereby submit the following Proposed Verdict Form. The parties are

3    in agreement as to the form and phrasing thereof, subject to the court's resolution

4    of the three Disputed Issues noted below (after the Proposed Verdict Form).

5                                    *    *    *

6    When answering the following questions and filling out this Verdict Form,

7    please follow the directions provided throughout the form. Read the directions

8    carefully. Your answer to each question must be unanimous. Some of the questions

9    contain legal terms that are defined and explained in detail in the Jury Instructions.

10    Please refer to the Jury Instructions if you are unsure about the meaning or usage

11    of any legal term that appears in the questions below.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## I.    <u>INVENTORSHIP</u>

QUESTION NO. 1:    Did Sportspower prove that it is highly probable that Samuel Chen is an inventor and joint owner of the '350 Patent? "Yes" is an answer for Sportspower. "No" is an answer for Crowntec.

**Yes** (for Sportspower) _____

**No** (for Crowntec) _____

Proposed Verdict Form - 2

No. 8:17-cv-2032-JLS-KES

## II.    **INFRINGEMENT**

QUESTION NO. 2:    Did Crowntec prove that it is more likely than not that Sportspower's accused trampolines infringed the following claims of the '350 Patent? "Yes" is an answer for Crowntec. "No" is an answer for Sportspower.

|  | **Yes** (for Crowntec) | **No** (for Sportspower) |
|---|---|---|
| **Claim 1** | | |
| **Claim 2** | | |
| **Claim 3** | | |
| **Claim 6** | | |
| **Claim 7** | | |
| **Claim 8** | | |

III.    **RELEASE**

QUESTION NO. 3:        Did Sportspower prove that it is more likely than
not that Crowntec released Sportspower from patent infringement liability for the
accused trampolines?  "Yes" is an answer for Sportspower. "No" is an answer for
Crowntec.


**Yes** (for Sportspower) _____


**No** (for Crowntec) _____

1    **IV.    PATENT VALIDITY**

2        QUESTION NO. 4:        Did Sportspower prove that it is highly probable

3    that the following claims of the '350 patent would have been obvious to a person

4    of ordinary skill in the art at the time the invention was made? "Yes" is an answer

5    for Sportspower. "No" is an answer for Crowntec.

|  | **Yes** (for Sportspower) | **No** (for Crowntec) |
|---|---|---|
| **Claim 1** |  |  |
| **Claim 2** |  |  |
| **Claim 3** |  |  |
| **Claim 6** |  |  |
| **Claim 7** |  |  |
| **Claim 8** |  |  |

Proposed Verdict Form - 5

No. 8:17-cv-2032-JLS-KES

## V.   **DAMAGES**

Do not answer any further questions if:

- You have answered "Yes" to Question No. 1;
- You have answered "Yes" to Question No. 3;
- You have found that Sportspower has not infringed any of the asserted claims;
- You have found all of the asserted claims are invalid; <u>or</u>
- You have found that Sportspower has infringed one or more of the asserted claims, but that all the infringed claims are invalid.

QUESTION NO. 5:      What sum of money, if paid by Sportspower today in cash, would constitute a reasonable royalty to compensate Crowntec for Sportspower's infringement?

$ _____

1   QUESTION NO. 6:       Was the sum provided as your answer to Question
2   6 calculated as a per-unit royalty or a lump sum? (Check One):

3

4                   **Per-Unit Royalty** _____

5

6                   **Lump Sum** _____

7

8

9

10

11

12

13

14   QUESTION NO. 7:       Did Crowntec prove that it is more likely than not
15   that that Sportspower's infringement of the '350 Patent was willful? "Yes" is an
16   answer for Crowntec. "No" is an answer for Sportspower.

17

18                   **Yes** (for Crowntec) _____

19

20                   **No** (for Sportspower) _____

21

22

23

24

25

26

27

28

Proposed Verdict Form - 7

No. 8:17-cv-2032-JLS-KES

1    You have now reached the end of the verdict form and should review it to

2  ensure it accurately reflects your unanimous determinations.

3

4    The Presiding Juror should then sign and date the verdict form in the space

5  below and notify the Courtroom Deputy that you have reached a verdict. The

6  Presiding Juror should retain possession of the verdict form and bring it when the

7  jury is called back into the courtroom.

8

9

10   Date:  By:

                                                                    _____

11                                                                    Presiding Juror

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Proposed Verdict Form - 8

No. 8:17-cv-2032-JLS-KES

# DISPUTED ISSUES

## I.    Ordering of Questions

As detailed in the parties' briefing on Crowntec's motion *in limine* no. 4 (Dkt. 104, at 16-21; Dkt. 112, at 18-25; Dkt. 115, at 18-22), Crowntec seeks realignment of the parties and the ordering of evidence at trial. In the event that the court grants Crowntec's motion as to this issue, the parties agree that Questions 1-4 will be re-ordered as follows:

Question 1: Infringement

Question 2: Inventorship

Question 3: Invalidity

Question 4. Release

Additional appropriate changes to Question 5's references to earlier questions will be made for consistency with the re-ordering of Questions 1-4.

## II.    Form of Damages Verdict

Crowntec objects to the inclusion of Question 6 in the verdict form, which asks the jury to indicate whether its damages amount awarded to Crowntec was calculated as a per-unit royalty or a lump sum.

**Sportspower's Position**: Such special verdict questions concerning damages are not only common, but are invaluable for purposes of reviewing the adequacy of the evidence to support the verdict post-trial. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) ("Based on the verdict form, the jury decided on a lump-sum award, not a running royalty. . . . Faced with the jury's selection, our task is to determine whether substantial evidence supports a lump-sum, paid-in-full royalty . . . ."); *Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010) ("The verdict form asked the jury: 'If the above amount was based upon a running royalty rather than a lump sum, what percentage or per unit rate did you use? __.' . . . The jury left this item blank, indicating a lump sum."). Presumably for this reason, the Sample Verdict Form for the Northern District of California's Model Patent Jury Instructions goes even further than Sportspower's proposed Question 7, asking jurors to indicate not only whether the damages award was calculated as a running royalty or a lump sum, but what percentage or per-unit royalty was applied to the royalty base. *Id.* at Appendix C.3 (p. 64).

**Crowntec's Position**: Verdict question 6 should not be given because it invites error or the allegation of error even if none exists. In this case, infringement is no longer ongoing and no claim for lost profits is made. Crowntec only claims a reasonable royalty for past sales. While the damages experts for Sportspower and Crowntec have different approaches for the underlying hypothetical negotiation and arrive at different conclusions for an appropriate damages amount, in both cases a single, calculated damages amount for all past damages will be paid. Consequently, a single payment for all past damages (even if calculated as a totaled per unit royalty), could be colloquially understood by the jury to be a "lump sum."

1   Thus, if the jury awards past damages calculated as a per unit royalty and checks

2   the "lump sum" box, error will be ascribed to the verdict even if none exists.

3

4

5                                              Respectfully submitted,

6

7   Dated: December 13, 2019                   s/ *Daniel H. Brean*
                                                Daniel H. Brean
8
                                                *Attorney for Sportspower Ltd.*
9

10

11  Dated: December 13, 2019                   s/ *Matthew B. Walters*
                                                Matthew B. Walters
12
                                                *Attorney for Crowntec Fitness Mgf. Ltd.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28