**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPORTSPOWER LTD., a Hong Kong Limited company,<br><br>     Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>CROWNTEC FITNESS MFG. LTD., a China Limited Company<br><br>     Defendant / Counterclaim Plaintiff | Civil Action<br><br>No. 8:17-cv-2032-JLS-KES<br><br>**FINAL PRETRIAL CONFERENCE ORDER** |

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

1. **THE PARTIES AND PLEADINGS**

The parties are Sportspower Ltd. (Plaintiff-Counterclaim Defendant) and Crowntec Fitness Mfg. Ltd. (Defendant-Counterclaim Plaintiff).

The pleadings which raise issues are Sportspower's Complaint (Doc. 1); Crowntec's Answer, Affirmative Defenses, and Counterclaim (Doc. 19); and Sportspower's Answer and Affirmative Defenses (Doc. 22).

2. **JURISDICTION**

This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331, and 1338(a), and venue is proper in this District and this Division pursuant to 28 U.S.C. §§ 1391 (b), (c), and 1400(b).

## 3. TRIAL DURATION

The Court has allotted four (4) trial days. This will be a timed trial and each side has been advised that it will have 11 hours for its case. This will include voir dire; opening; evidence presentation (including all examination, whether on direct or cross); and closing. This time limitation may be modified only upon a showing of good cause.

## 4. JURY TRIAL

The trial is to be a jury trial. Proposed jury instructions and voir dire questions were filed at least five (5) court days prior to the Final Pretrial Conference, pursuant to the Civil Trial Order (Doc. 31).

## 5. ADMITTED FACTS

The following facts are admitted and require no proof:

**Parties**

1. Sportspower is a Hong Kong company with a principal place of business in Hong Kong.

2. Crowntec is a Taiwan company with a principal place of business in Taoyuan City, Taiwan.

3. Mr. Hua-Lu Hsiang also uses the name Warren Hsiang.

4. Ms. Li-Ju Hsiang also uses the name Julie Hsiang.

**The '350 Patent**

5. The application which became United States Patent No. 8,974,350 ("the '350 Patent") was filed in the United States Patent and Trademark Office on August 15, 2011.

6. The '350 Patent was issued by the United States Patent and Trademark Office on March 10, 2015.

7. The '350 Patent identifies on its face Hua-Lu Hsiang as the named inventor.

8.  Mr. Hsiang assigned his interest in the '350 Patent to Crowntec Fitness Mfg. Ltd.

**The Chinese Patent**

9.  The application which became Chinese Patent No. 102847261 ("the CN261 Patent") was filed in the Chinese Patent Office on July 1, 2011.

10. The CN261 Patent was granted by the Chinese Patent Office on April 8, 2015.

11. The CN261 Patent identifies on its face Hua-Lu Hsiang and Samuel Chen as the named co-inventors.

12. The '350 Patent is a translation of the CN261 patent.

13. The '350 Patent and the CN261 patent have substantially the same disclosure.

## 6. STIPULATED FACTS

The parties represent that they are continuing to discuss stipulated facts that will help streamline the trial. The parties will inform the Court of any agreements regarding stipulated facts in due course.

## 7. PARTIES' CLAIMS AND DEFENSES

The following is a concise summary of the claims and defenses to be presented at trial.

**Sportspower's Claims and Defenses:**

(a)  Sportspower plans to pursue the following claims against Crowntec:

<u>Claim 1</u>: Sportspower has not made, used, sold, or offered for sale in the United States, or imported into the United States, a trampoline that infringes any claim of the '350 Patent.

<u>Claim 2</u>: Crowntec is not the sole and exclusive owner of the '350 Patent because Samuel Chen is an unnamed co-inventor of the '350 Patent who never assigned his interest in the '350 Patent to Crowntec.

(b) The elements required to establish Sportspower's claims are:

<u>Claim 1</u>: At least one limitation of each claim of the '350 Patent is missing from each of the Sportspower trampolines accused of infringement by Crowntec.

<u>Claim 2</u>: (a) Mr. Chen made a significant contribution to the conception of the invention claimed in the '350 Patent; (b) Mr. Chen is not named as an inventor on the '350 Patent; (c) Mr. Chen did not assign his rights in the '350 Patent to Crowntec.

(c) The key evidence Sportspower relies on for each of its claims is:

<u>Claim 1</u>: Sportspower intends to present the following evidence and categories of evidence in support of its claim that it has not infringed the '350 Patent:

- The '350 Patent;
- Testimony of Sportspower's fact witness Samuel Chen;
- Testimony of Sportspower's expert witness Mr. Jason Young;
- Physical samples, drawings, and pictures of the tubular frame members of the accused Sportspower trampolines; and
- Crowntec's inability to meet its burden to show that each limitation of an asserted claim is met by the accused Sportspower trampolines.

<u>Claim 2</u>: Sportspower intends to present the following evidence and categories of evidence in support of its claim that Samuel Chen is a co-inventor of the '350 Patent:

- The '350 Patent;
- The CN261 Patent;
- Testimony of Sportspower's fact witness Samuel Chen;
- Correspondence between the parties at the time of the conception of the invention of the '350 Patent; and

- Evidence of the parties' course of conduct and business relationship leading up to and subsequent to the time of the conception of the invention of the '350 Patent.

(d) Sportspower plans to pursue the following defenses against Crowntec's counterclaim of infringement:

Defense 1: Sportspower contends that the asserted claims of the '350 Patent are invalid.

Defense 2: Sportspower contends that Crowntec is not the exclusive owner of the '350 Patent and does not have the consent of all co-owners to bring this suit.

Defense 3: Sportspower contends that Crowntec is equitably estopped from asserting the '350 Patent against Sportspower.

Defense 4: Sportspower contends that Crowntec's claim for money damages for infringement against Sportspower has been released through a prior settlement agreement.

Defense 5: Sportspower contends that the '350 Patent is unenforceable due to Crowntec's inequitable conduct committed during prosecution of the '350 Patent.

(e) The elements required to establish Sportspower's defenses are:

Defense 1 (Invalidity): Sportspower has the burden to show by clear and convincing evidence that the patents are invalid for one or more of the following reasons:

(i) Obviousness: even if not identically disclosed or described in a single prior art reference, the invention would have been nonetheless obvious to a person of ordinary skill in the field at the time the invention was made. Obviousness turns on four factual inquiries: (1) the scope and content of the prior art; (2) the differences between the prior art and the claimed invention; (3) the level of ordinary skill in the art; and (4) secondary indicia of nonobviousness.

        (ii)    Invention by another: the inventor listed for the '350 Patent did not himself invent the subject matter that is patented.

    Defense 2 (Ownership): Sportspower has the burden to show that Crowntec is not the sole and exclusive owner of the '350 Patent because Mr. Chen is an unnamed co-inventor of the '350 Patent. The elements required to establish by clear and convincing evidence that Mr. Chen is an unnamed co-inventor are set forth above in connection with Sportspower's Claim 2.

    Defense 3 (Equitable Estoppel): Sportspower has the burden to show that (a) Crowntec made a representation as to a material fact that is contrary to a later-asserted position, (b) Sportspower relied on that representation, and (c) Sportspower had a change in position detrimental to it that was caused by the representation and reliance thereon.

    Defense 4 (Accord and Satisfaction / Release): Sportspower has the burden to show that, through contract, Crowntec abandoned or relinquished its right to seek damages from Sportspower for alleged infringement of the '350 Patent or accepted a performance other than that which was claimed to be due as a full satisfaction of the claim.

    Defense 5 (Inequitable Conduct): Sportspower has the burden to show by clear and convincing evidence that Crowntec (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive the Patent Office.

    (f)    The key evidence Sportspower relies on for each of its defenses is:

Defense 1 (Invalidity): Sportspower intends to present the following evidence and categories of evidence in support of its claim that the asserted claims of the '350 Patent are invalid:

- The '350 Patent;
- Testimony of Sportspower's fact witness Samuel Chen;

- Testimony of Sportspower's expert witness Mr. Jason Young;
- Prior art references and other materials relied upon by Mr. Young in his expert report on invalidity;
- The CN261 Patent;
- Sales records for the accused Sportspower trampolines;
- Sales records for the Crowntec trampolines alleged to practice the '350 Patent; and
- Physical samples, drawings, and pictures of the tubular frame members of the accused Sportspower trampolines.

Defense 2 (Ownership): Sportspower intends to present the evidence and categories of evidence identified above in connection with Sportspower's Claim 2 (ownership) to support its ownership defense.

Defense 3 (Equitable Estoppel): Sportspower intends to present the following evidence and categories of evidence to support its equitable estoppel defense:

- The testimony of Sportspower's fact witness Samuel Chen;
- The testimony of Crowntec's fact witness Warren Hsiang; and
- Evidence of the parties' course of conduct and business relationship.

Defense 4 (Accord and Satisfaction / Release): Sportspower intends to present the following evidence and categories of evidence in support of its defense of accord and satisfaction (release):

- Settlement agreement and acknowledgment of payment signed by representatives of Crowntec and Sportspower, and certified English translations thereof;
- Testimony of Crowntec's fact witness Warren Hsiang;
- Testimony of Sportspower's fact witness Samuel Chen; and

• The circumstances surrounding any document alleged to modify the terms of the settlement agreement.

<u>Defense 5 (Inequitable Conduct)</u>: Sportspower intends to present the following evidence and categories of evidence in support of its defense of inequitable conduct on the part of Crowntec with respect to the '350 Patent:

• The '350 Patent and its prosecution history;

• The CN261 Patent;

• Testimony of Sportspower's fact witness Samuel Chen;

• Correspondence between the parties at the time of the invention; and

• Evidence of the parties' course of conduct and business relationship leading up to and subsequent to the invention of the '350 Patent.

**Crowntec's Claims and Defenses:**

(a) Crowntec plans to pursue the following counterclaim:

Sportspower has directly infringed claims 1–3 and 6–8 of the '350 Patent by the sale, offer for sale, manufacture, use, and/or importation into the United States of the following Accused Products:

- 15-foot Trampoline and Steelflex Pro Enclosure Comb with Fly Slama Jama Basketball System (TR-15SF-BSK);
- 15-foot Trampoline and Enclosure Combo with Spinner Flash Litezone and DunkZone Basketball Hoop (YSLJZOG1052);
- Jump Zone 14-foot Trampoline with Enclosure Combo; and
- Jump Zone 12-foot Trampoline and Steelflexx Enclosure Combo with DunkZone basketball hoop.

Crowntec further alleges that Sportspower's infringement of the '350 Patent was willful.

(b) The elements required to establish Crowntec's counterclaim are:

Crowntec has the burden to show by a preponderance of the evidence that the Accused Products contain every limitation of at least one of claims 1–3 and 6–8 of the '350 Patent.

To establish that Sportspower's infringement was willful, Crowntec has the burden to show by a preponderance of the evidence that the infringement goes beyond typical infringement and instead constitutes an example of the most egregious behavior, such as where the infringement is malicious, deliberate, consciously wrongful, or done in bad faith.

(c) The key evidence Crowntec relies on for its counterclaim of infringement is:

- The '350 Patent;
- The prosecution history of the '350 Patent;
- Pictures, drawings, and physical exemplars of the Accused Products;
- Sportspower documents relating to the Accused Products, including schematics, datasheets, and marketing materials;
- Evidence of Sportspower's offer for sale, sale, use (including during testing), and importation of the Accused Products in the United States;
- Sales and importation data produced by Sportspower concerning the Accused Products, and other documents and testimony evidencing the number of Accused Products sold in and/or imported into the United States;
- Documents and testimony evidencing costs and profitability of the Accused Products;
- Documents and testimony evidencing a lack of acceptable non-infringing alternatives available to Sportspower;
- Expert testimony of Fred P. Smith discussing Sportspower's infringement of the '350 Patent and the '350 Patent's validity;

- Expert testimony of James Harrington containing and opining on the reasonable royalty in the case and total damages owed by Sportspower;
- Testimony of Crowntec's fact witness Warren Hsiang;
- Testimony of Crowntec's fact witness Julie Hsiang;
- Testimony of Sportspower's fact witnesses Samuel Chen and Jimmy Chen;
- Expert testimony from Sportspower's experts Jason Young and Brett L. Reed.
- Evidence of the parties' course of conduct and business relationship leading up to and subsequent to the invention of the '350 Patent.

In addition to the evidence above, Crowntec intends to present the following evidence and categories of evidence establishing Sportspower's infringement of the '350 Patent was willful:

- Evidence of Sportspower's copying of the Crowntec trampolines; and
- Evidence of Sportspower's continued sale, offer for sale, and importation in the United States of trampolines covered by one or more claims of the '350 Patent following notice of infringement.

## 8. REMAINING TRIABLE ISSUES

In view of the admitted facts and the elements required to establish the claims, counterclaims, and affirmative defenses, all of the claims, counterclaims, and defenses identified above remain to be tried.

## 9. DISCOVERY

All discovery is complete.

**10.     DISCLOSURES AND EXHIBIT LIST**

The disclosures under Fed. R. Civ. P. 26(a)(3), to the extent not already made, will be made according to the Court's schedule as set forth in the Civil Trial Order (Doc. 31).

The joint exhibit list of the parties was filed at least five (5) court days prior to the Final Pretrial Conference, pursuant to the Civil Trial Order (Doc. 31).

**11.     WITNESS LISTS**

Witness lists of the parties were filed at least five (5) court days prior to the Final Pretrial Conference, pursuant to the Civil Trial Order (Doc. 31).

**12.     PENDING LAW AND MOTION MATTERS**

The Court has resolved all pending *Daubert* motions and motions *in limine*. (*See* Docs. 128, 138).

**13.     ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: November 20, 2020

JOSEPHINE L. STATON
_____
Honorable Josephine L. Staton
United States District Judge